IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

WAYNE T. MOULTON,

        Plaintiff,

        v.

COUNTY OF TIOGA, NEW YORK; TIOGA
COUNTY SHERIFF'S DEPARTMENT; GARY
T. HOWARD, individually and in his capacity
as Sheriff of Tioga County; and SHAWN J.
NEPALA, individually and in his capacity as
Tioga County Sheriff's Department Captain
of Operations.

        Defendants.

**DEFENDANTS FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**
Index No.: 3:22-cv-00340

---

The Defendants, COUNTY OF TIOGA, NEW YORK; TIOGA COUNTY SHERIFF'S DEPARTMENT; GARY T. HOWARD, individually and in his capacity as Sheriff of Tioga County; and SHAWN J. NEPALA, individually and in his capacity as Tioga County Sheriff's Department Captain of Operations, by their Attorneys, Hancock Estabrook, L.L.P., answering the Amended Complaint of the Plaintiff herein, alleges as follows:

1. Defendants admit the allegations contained in paragraphs numbered "4," "6," and "9."

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4," "5," "7," "11," "12," "13," "14," "15," "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "28," "29," "30," "31," "32," "33,"

"34," "35," "36," "37," "38," "39," "43," "44," "45," "46," "47, 48," "49," "52," "53," "54," "55," "56," "57," "58," "59," "60," "64," "65," "66," "67," "68," "72," "74," "75," "76," "78," "79," "80," "81," 82," "83," "84," "85," "86," "87," "88," "89," "90," "91," "92," "93," "94," "95," "97," "100," "101," "115," "130," "131," "133," "134," "135," "137," "146," "156," "171," "179," "192," and "206."

3. The Defendants deny the allegations in paragraphs "1," "2," "3," "8," "10," "40," "41," "42," "50," "51," "61," "62," "63," "65," "69," "70," 71," "73," "77," "96," "98," "99," "102," 103," 104," "105," "106," "107," "108," "109," "110," "111," "112," "113," "114," "116," "117," "118," "119," "120," "121," "122," "123," "124," "125," "126," "127," "128," "129," "136," "138," "139," "140," "141," "142," "143," "144," "145," "147," "148," "149," "150," "151," "152," "153," "154," "155," "157," "158," "159," "160," "161," "162," "163," "164," "165," "166," "167," '168," "169," "170," "172," "173," "174," "175," "176," "177," "178," "180," "181," "182," "183," "184," "185," "186," "187," "188," "189," "190," "191," "193," "194," "195," 196," 197," "198," "199," "200," "201," "202," "203," "204," "205," "207," "208," and "209."

4. Defendants deny making any false statements regarding Plaintiff in any manner, at any time, including those allegations in paragraph "132," but admits no retraction of any letters, correspondences, or communications with the State of New York have taken place to date, to the extent any such communications have ever occured.

5. Defendants deny each and every other allegation not specifically admitted, controverted, or denied.

**AS AND FOR A FIRST COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

6.	Plaintiff has failed to state a claim upon which relief can be alleged.

## AS AND FOR A SECOND COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

7.	Plaintiff was provided due process of law at all relevant times herein.

## AS AND FOR A THIRD COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

8.	Any actions or omissions, done or not done, by Defendants were in good faith, and pursuant to their duties as a police agency duly recognized by the laws of New York State.

## AS AND FOR A FOURTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

9.	Any and all acts or omissions by Defendants were justified and in accordance with law, regulation, and policy.

## AS AND FOR A FIFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

9. The conduct of the individual Defendants, as alleged in the Complaint, was privileged and immune.

### AS AND FOR A SIXTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

10. Plaintiff has failed to plead any conduct or action protected by the Constitution and laws of the United States or State of New York.

### AS AND FOR A SEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

11. Plaintiff has failed to plead any right or entitlement protected by the Constitution and laws of the United States of Constitution or State of New York.

### AS AND FOR AN EIGHT COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

12. To the extent Plaintiff has failed to mitigate his damages, his claims for damages are diminished or barred.

### AS AND FOR AN NINTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

13. Plaintiff's claims asserted under the laws of New York State are barred of the applicable statute of limitations.

### AS AND FOR AN TENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

14. Plaintiff failed to timely and/or properly serve a notice of claim as to his New York State law causes of action as required by the General Municipal Law of the State of New York and thus failed to satisfy a condition precedent to suit.

**AS AND FOR AN ELEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

15. Defendant Howard enjoys qualified immunity under all allegations of the Complaint.

**AS AND FOR AN TWELFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

16. Defendant Nepala enjoys qualified immunity under all allegations of the Complaint.

**AS AND FOR AN thirteenth COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

17. Plaintiff failed to exhaust his administrative remedies.

**AS AND FOR AN FOURTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

18. Plaintiff had a right and entitlement at any time under the laws of New York State to apply to a permit for carry a firearm and failed to do so, thereby waiving any damages as to that portion of his claims. See New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 213 L. Ed. 2d 387, 142 S. Ct. 2111 (2022).

**AS AND FOR AN FIFTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

19. To the extent Plaintiff alleges he cannot apply for work as a law enforcement office, such damages, if occurred, are not proximately caused by the actions of the defendants but rather applicable age limitations imposed under New York State law and/or regulation.

### AS AND FOR AN SIXTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

20. Plaintiff specifically failed to mitigate his damages for the claims alleged by, among other things, specifically failing to properly apply for a firearm permit and failing to exhaust his administrative remedies.

### AS AND FOR AN SEVENTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:

21. Plaintiff fails to state a violation of his rights under the First Amendment of the United States Constitution and New York Constitution as he has failed to plead any protected conduct of which Defendant is aware.

**WHEREFORE**, the Defendants demand judgment dismissing the complaint herein, together with costs, disbursements, attorney's fees and for such other and further relief as to the court may seem just and proper.

Dated: September 18, 2023
      Syracuse, New York

Respectfully submitted,

**HANCOCK ESTABROOK, L.L.P.**

<u>/s/ Giancarlo Facciponte</u>
**Giancarlo Facciponte, Esq.**
**Bar Roll No.: 520126**

**Frank W. Miller, Esq.**
**Bar Roll No.: 102203**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Phone: 315.565.4561
Fax: 315.565.4661