# EXHIBIT A

Introduction

Part BBB of Chapter 59 of the Laws of 2021 establishes the "New York State Professional Policing Act of 2021" to hold police officers who engage in serious misconduct accountable and prevent bad actors from serving as police officers. These requirements will enhance public safety through the employment of the most effective, professional, and respectful police forces in the nation.

The amendments will create the regulatory framework for hiring standards, including psychological testing and enhanced minimum background investigations. The amendments will also redefine *removal for cause* and establish a process for the New York State Division of Criminal Justice Services ("Division") to correct any material inaccuracy reported by a law enforcement agency which affects the certification standing of an officer. Police officers who have been decertified may be ineligible for future certifications; thus, they may be prohibited from being a police officer in New York.

Summary of Part 6000

With the enactment of the New York State Professional Policing Act of 2021, the Municipal Police Training Council was directed to establish rules and regulations pertaining to the psychological requirements and background investigations of persons for provisional or permanent appointment in the competitive class of the civil service as police officers of any county, city, town, village or police district to determine the candidate's fitness and eligibility. These regulations are intended to ensure that all persons appointed to the position of police officer are held to the same hiring standards, and promote professional police services. All law enforcement officers must be of good moral character as determined by a thorough background investigation to ensure persons who engage in illegal, dishonest, unprofessional, unethical, or immoral conduct are prohibited from becoming police officers, and to protect against acts or

conduct which may endanger the safety and welfare of the public. All police officers must also be emotionally stable and psychologically fit to perform the essential functions of a police officer, and endure the uniquely stressful working conditions. Consistent background investigation procedures and standards, as set forth in section 6000.10 of this Part, and psychological standards, as set forth in section 6000.11 of this Part, will ensure that all New York police agencies and police officers are held to identical hiring standards with the goal of ensuring that police interactions with all individuals are appropriate and that the rights of all parties are respected.

## Summary of Part 6056

Historically, when an officer separated from a department after a disciplinary hearing, or resigned or retired while disciplinary proceedings were pending, there was no reporting mechanism in place to ensure the invalidation of the officer's training certificate. These "certified" officers were attractive candidates to other departments for a variety of reasons, but they were hired in relative anonymity with respect to the misconduct leading to their prior separation. In 2016, the Division adopted regulations to prevent these occurrences by defining *removal for cause* and *removal during probationary period*; compelling police departments to report, to the Division, officers who cease to serve in their departments and the reasons for such; and immediately invalidating a training certificate when an officer is removed for cause or removed during a probationary period.

Presently, r*emoval for cause* means removal after a hearing on stated charges pursuant to section 75 of the Civil Service Law, or retirement or resignation while disciplinary charges pursuant to section 75 of the Civil Service Law, which may result in removal, are pending. *Removal during probationary period* means a probationary period not successfully completed due to incompetence or misconduct that would have subjected a permanent employee to disciplinary charges pursuant to section 75 of the Civil Service Law.

Unfortunately, there are loopholes in the current structure. Under the new framework, removal for cause of a full-time or part-time police officer or peace officer means when an officer has an interruption in service subsequent to and in connection with allegations of misconduct which are known or should be known to the employer or any officer or employee of the employer agency or is being investigated by another agency or entity. Misconduct includes: (a) criminal activity, whether criminally charged or prosecuted, regardless of where the act took place if said conduct would constitute an offense in New York; (b) dishonesty; (c) use of excessive force; (d) abuse; and (e) conflicts of interest. (2) Interruption from service includes separation: (a) pursuant to: a hearing held under section 75 of the Civil Service Law; a collective bargaining agreement, or any general, special or local law, or charter provision in accordance with section 76 of the Civil Service Law; or any other applicable law; or (b) by an employee's resignation or retirement; or (c) after an employee's waiver of any rights available. Removal during a probationary period means a probationary period not successfully completed due to misconduct.

The amendments also create a resolution and due process structure when it appears to the Commissioner of the Division that there is a material inaccuracy in an employer's reporting of the reason an officer ceased to serve.